IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

JAMES BENARD EDWARDS,            )
                                 )
            Plaintiff,           )
                                 )
      v.                         )            CV 125-031
                                 )
AUGUSTA STATE MEDICAL PRISON,    )
                                 )
            Defendant.           )

_____

**O R D E R**

_____

Plaintiff, incarcerated at Augusta State Medical Prison in Grovetown, Georgia, is proceeding *pro se* in this case filed pursuant to 42 U.S.C. § 1983. On March 31, 2025, the Court recommended dismissing the case without prejudice because Plaintiff failed to respond to the Clerk of Court's deficiency notice regarding the need to pay the $405 filing fee or file a motion to proceed *in forma pauperis* ("IFP"). (See doc. no. 7.) In response, Plaintiff concedes he received the deficiency notice but did not respond because he had already submitted a motion to proceed IFP for a second case he had filed that was transferred to the Middle District of Georgia. [1] (See doc. no. 9; see also Edwards v. Georgia, CV 125-041, doc. no. 4 (S.D. Ga. Mar. 7, 2025) (transferring case to Middle District).) As the Court previously explained, (doc.

_____

[1] When Plaintiff filed his case, he submitted an unsigned "Motion to Proceed Pro Se," (doc. no. 2), along with his unsigned complaint. The Clerk of Court issued a deficiency notice requiring Plaintiff to sign his filings, (doc. no. 4), to which Plaintiff responded, (doc. nos. 5, 6). Thus, Plaintiff clearly understands the duty to respond to notices from the Clerk of Court. Concerning the request to proceed *pro se*, as a general rule, there is no entitlement to appointed counsel in a civil rights case such as this one, Dean v. Barber, 951 F.2d 1210, 1216 (11th Cir. 1992), so Plaintiff does not need permission to proceed *pro se* in this civil action. Thus, that motion is **MOOT**. (Doc. no. 2.)

no. 7, p. 1), according to Local Rule 4.1, the commencement of a civil action requires compliance with four specific criteria, including the presentation of the original complaint and the appropriate filing fee, or the original complaint and a petition to proceed IFP. Thus, submission of a motion to proceed IFP in one case does not satisfy Plaintiff's obligation to pay the filing fee or submit an IFP motion in a *different* case. If Plaintiff wishes to pursue two cases, he must satisfy the filing requirements in *each* case.

While the Court does not condone Plaintiff's failure to respond the deficiency notice, in an abundance of caution, the Court **DIRECTS** the **CLERK** to re-serve the February 26th notice and accompanying attachment, (doc. no. 3), with Plaintiff's service copy of this Order. The deadline to respond to the deficiency notice is extended through and including April 30, 2025. If Plaintiff does not respond with the full filing fee or a motion to proceed IFP by April 30th, the Court's March 31st recommendation for dismissal, along with Plaintiff's objections, will be submitted to the presiding District Judge for his consideration.

SO ORDERED this 16th day of April, 2025, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA